IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2020 FEB 12 P 3:47
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JONATHAN SINGLETON, RICKY VICKERY, AND MICKI HOLMES,

Plaintiffs,

v.

CITY OF MONTGOMERY, ALABAMA, DERRICK CUNNINGHAM, in his official capacity as Sheriff for Montgomery County, and HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency,

Defendants.

Case No. 2:20-cv-99

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Jonathan Singleton, Ricky Vickery, and Micki Holmes (collectively, "Plaintiffs") hereby move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction related to Claims One and Two of the Complaint. Through this motion, Plaintiffs seek a preliminary injunction enjoining Defendants City of Montgomery, Montgomery County Sheriff Derrick Cunningham, and Secretary of the Alabama Law Enforcement Agency Hal Taylor (collectively, "Defendants") from enforcing two laws prohibiting panhandling: Ala. Code § 13A-11-9(a)(1) banning begging (the "Begging Statute"), and Ala. Code § 32-5A-216(b) criminalizing solicitation on highways (the "Pedestrian Solicitation Statute").

Plaintiffs are homeless individuals residing in the City of Montgomery who ask for donations in public places in order to obtain the basic necessities needed for survival. This

activity—the solicitation of charitable donations—is unequivocally speech protected by the First Amendment. Plaintiffs are substantially likely to succeed on the merits because the Begging Statute and Pedestrian Solicitation Statute are content-based restrictions on speech that cannot survive strict scrutiny.

As detailed in Plaintiffs' accompanying Memorandum, if a preliminary injunction does not issue, Plaintiffs will continue to be prevented from engaging in protected expression. The threatened injuries to Plaintiffs outweigh whatever damage a preliminary injunction may cause the Defendants, and the injunction would not be adverse to the public interest.

Plaintiffs are filing this Motion concurrently with the Complaint.

For the foregoing reasons, and as set forth in the accompanying Memorandum, this Motion for Preliminary Injunction should be granted.

Dated: February 12, 2020

Respectively submitted,

Ellen Degnan
*On Behalf of Plaintiffs' Counsel*

Ellen Degnan (ASB-3244-I12V)
Micah West (ASB-1842-J82F)
Sara Zampierin (ASB-1695-S34H)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
T: (334) 956-8200
F: (334) 956-8481
E: ellen.degnan@splcenter.org
E: micah.west@splcenter.org
E: sara.zampierin@splcenter.org

Clara Potter* (La. Bar No. 38377)
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000

New Orleans, LA 70170
T: (504) 486-8982
F: (504) 486-8947
E: clara.potter@splcenter.org

Randall Marshall (ASB-3023-A56M)
ACLU FOUNDATION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106
T: (334) 265-2754
E: rmarshall@aclualabama.org

Tristia Bauman* (D.C. Bar No. 1016342)
NATIONAL LAW CENTER ON
HOMELESSNESS & POVERTY
2000 M Street NW, Suite 210
Washington, D.C., 20036
T: (202) 638-2535 x. 102
E: tbauman@nlchp.org

* *applications for pro hac vice forthcoming*

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that arrangements have been made to deliver a true and correct copy of the foregoing by hand delivery to the following parties, at the below addresses:

Hal Taylor, Secretary of Alabama Law Enforcement Agency
301 South Ripley Street, Suite 3000
Montgomery, AL 36104

Derrick Cunningham
Montgomery County Sheriff's Office
115 South Perry Street
Montgomery, AL 36103

Steve Marshall
State of Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36104

Brenda Gale Blalock
City Clerk
103 North Perry Street
Montgomery, AL 36104

Formal proof of service will be filed with the Court when completed.

DATED this February 12, 2020.

Ellen Degnan
Ellen Degnan