# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SINGLETON, RICKY VICKERY, and MICKI HOLMES, on behalf of themselves and others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF MONTGOMERY, ALABAMA, HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency, and DERRICK CUNNINGHAM, in his official capacity as Sheriff for Montgomery County,<br><br>  Defendants. | Case No. 2:20-cv-99-WKW<br>CLASS ACTION |

**Stipulated Settlement Agreement**

This Stipulated Settlement Agreement ("Agreement") is made by and between Defendant the City of Montgomery ("Defendant" or the "City") and Jonathan Singleton, Ricky Vickery, and Micki Holmes (collectively "Plaintiffs"). Plaintiffs and Defendant collectively shall be referred to as "the Parties." This Agreement does not address Plaintiffs' claims against Defendant Hal Taylor and Defendant Derrick Cunningham.

WHEREAS Plaintiffs filed a Complaint on February 12, 2020, in the United States District Court for the Middle District of Alabama, commencing a proposed class action lawsuit entitled *Singleton, et al., v. City of Montgomery*, et al., Civil Action No. Case No. 2:20-cv-99-WKW (the "Lawsuit") against Defendant, which seeks prospective declaratory and injunctive relief and alleges violations of Plaintiffs' right to freedom of speech under the First Amendment

1

and Fourteenth Amendment to the U.S. Constitution as a result of Defendant's policies, practices, and customs;

WHEREAS Defendant expressly denies any liability, fault, wrongdoing, or responsibility for any claims in the Lawsuit;

WHEREAS it is the desire of the Parties to resolve all disputes as between them to settle the Lawsuit and avoid further litigation. The Parties have also resolved all claims for attorneys' fees and costs and agreed to bear their own fees and costs;

WHEREAS Plaintiffs agree to dismiss the Lawsuit against Defendant according to the terms and conditions set forth in this Agreement; and

WHEREAS the dismissal of the lawsuit will only become effective upon the Court's retention of its limited jurisdiction over the Lawsuit for three (3) years from the date of the Court's approval to enforce the terms of this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and in exchange for other good, adequate, and sufficient consideration described herein, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

**1.   Terms of Settlement**

As settlement in full of Plaintiffs' claims against Defendant, the Parties agree:

    a. Defendant will not enforce Ala. Code § 32-5A-216(b) (the "Pedestrian Solicitation Statute") or Ala. Code § 13A-11-9(a)(1) (the "Begging Statute") (collectively the "Statutes"), effective immediately.

    b. Defendant will not enforce Montgomery Ordinance § 1-9 (the "Incorporation Ordinance") insofar as it incorporates the Statutes into the Montgomery Code

2

of Ordinances as offenses against the City of Montgomery, effective immediately.

c. Within one week of the Parties' execution of the Agreement:

  i. The City Mayor (the "Mayor") will issue the Directive attached as Exhibit A to this Agreement (the "Directive") to the City Chief of Police, instructing the Chief to cease enforcement of the Statutes and the Incorporation Ordinance pursuant to subsections (a) and (b) of this Agreement and to communicate this policy of non-enforcement to City police officers in writing. The lawyers representing the City in this case will transmit a copy of the Directive by email and postal mail to all judges and magistrates presiding over criminal cases in the City Municipal Court; all City prosecutors; and counsel for Plaintiffs.

  ii. The Mayor will exercise the Mayor's authority under Ala. Code § 12-14-15 to remit all outstanding fines and costs as are payable to the municipality owed by individuals in connection with their having pleaded or having been found guilty of violating either of the Statutes as incorporated by the Incorporation Ordinance. The City will agree to join the Plaintiffs' counsel in this action in moving to have the Municipal Court remit all other fines, costs and fees owed by individuals in connection with their having pleaded or having been found guilty of violating either of the Statutes as incorporated by the Incorporation Ordinance.

   iii. The City Prosecutor will dismiss any pending charges brought under either of the Statutes as incorporated by the Incorporation Ordinance.

 d. Within one week of the Parties' execution of this Agreement, Defendant will pay to Plaintiffs' attorneys the sum of $10,000 based on the representation that the money will be used for charitable purposes on behalf of people experiencing homelessness.

 e. Plaintiffs agree that they will not seek any attorneys' fees or costs for this litigation from Defendant during the pendency or at the end of the Lawsuit.

 f. Plaintiffs' counsel will notify Defendant if they believe this Agreement is being violated and give Defendant ten (10) business days' notice before seeking enforcement of the Agreement in Court. If Defendant takes good faith steps to remedy the issue, such as providing training to the offending officer and dismissing any charges under the Statutes or Incorporating Ordinance, Defendant will not be deemed to have violated this Agreement, unless the steps taken by Defendant are ineffective at preventing future violations by the same officer(s).

2. Plaintiffs will continue to pursue the litigation against Defendant Hal Taylor and others seeking an order declaring the Statutes unconstitutional and enjoining their future enforcement by state law enforcement. Defendant agrees not to oppose that litigation and to be bound by the outcome of the litigation should it result in a determination that the Statutes are unconstitutional. Should the litigation be unsuccessful, but without a ruling on the constitutionality of the Statutes by the District Court, Defendant will continue to be bound to refrain from enforcing the Statutes until the earlier of (i) ten (10) years from

the date of an Order in this case dismissing the lawsuit against the City, or (ii) a ruling by the United States Eleventh Circuit Court of Appeals or the Alabama Supreme Court that the Statues are constitutional. Should the litigation be unsuccessful, but without a ruling on the constitutionality of the Statutes by any court, such that Defendant is bound to refrain from enforcing the Statutes for the abovementioned ten-year period, Plaintiffs shall not be precluded from renewing their claims against Defendant after the expiration of the ten-year period should the City resume enforcing the Statutes. Should the present litigation, after any appeals have been exhausted, result in a judicial determination that the Statutes are constitutional, Defendant may thereafter enforce the Statutes.

3. **Dismissal of Lawsuit**

Upon signing of this Agreement and adoption of the Amendment pursuant to subsection (c)(i), the Parties will, within ten days, file a Joint Motion to Approve Stipulated Settlement Agreement, Retain Jurisdiction to Enforce the Agreement, and Dismiss Defendant City Only Pursuant to Rule 41(a)(1)(A)(ii), as agreed upon by the Parties.

4. **Mutual Releases**

   a. By Plaintiffs: Except for any violations that arise from a breach of this Agreement, Plaintiffs, on their behalves and on behalf of their successors, heirs, and assigns, hereby release, remise, and forever discharge Defendant and its past and present respective officers, directors, affiliates, subsidiary corporations, partners, employees, including police officers, agents, deputies, attorneys, and their respective successors and assigns, from all claims, suits, actions, charges, demands, damages, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the facts giving rise to the Lawsuit. However, this Agreement

5

shall not preclude Plaintiffs from refiling this litigation against Defendant if the lawsuit is dismissed without a ruling on the constitutionality of the Statutes and if, after the expiration of the ten year period set out in Paragraph One, the City resumes enforcing the Statutes.

b. By Defendant: Except for any violations that arise from a breach of this Agreement, Defendant, on its behalf and on behalf of its past and present respective officers, directors, affiliates, subsidiary corporations, partners, agents, deputies, attorneys, and their respective successors and assigns, releases, remises, and forever discharges Plaintiffs and their successors, heirs, and assigns from all claims, suits, actions, charges, demands, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the Lawsuit.

5. **Representations and Warranties**

Defendant represents and warrants that it has full corporate power and authority to execute and deliver this Agreement so executed and delivered and to perform its obligations hereunder, that the execution, delivery, and performance by it of this Agreement have been duly authorized by all necessary corporate action on its part, that this Agreement is a valid and binding obligation of it, enforceable against it in accordance with its terms, and that the person executing this Agreement on its behalf is authorized and empowered to do so.

6. **Miscellaneous**

a. This Agreement will be binding upon and will inure to the benefit of the Parties and their heirs and assigns.

b. No amendments of this Agreement will be valid unless made in writing and signed by all of the Parties.

c. This Agreement, including any referenced Exhibits attached hereto, constitutes the entire agreement and understanding between and among the Parties and other signatories with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations. No amendments to this Agreement will be valid unless made in writing and signed by all of the signatories hereto.

d. This Agreement may be executed in duplicate counterparts, each of which will be deemed an original, with the same effect as if the signatures thereto were on the same instrument. Each signatory to the Agreement may execute this Agreement by telefax or email of a scanned copy of the signature page, which shall have the same force and effect as if executed on an original copy.

e. The Parties further agree to cooperate fully to execute any and all supplementary documents that the Parties jointly agree are necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

f. The Parties understand that they have the right to obtain legal counsel to review and evaluate this Agreement and attest that they have done so or else have agreed to waive this right.

g. If, after the date hereof, any provision of this Agreement is held to be illegal, invalid, or unenforceable, the remaining provisions shall continue in full force and effect.

h. It is the intent of the Parties that no part of this Agreement is to be presumptively construed against or in favor of any signatory because of the identity of the drafter.

i. No breach of any provision hereof can be waived by any Party unless executed by such party in writing. Waiver of any one breach by a Party shall not be deemed a waiver of any breach of the same or of any other provision herein.

j. Paragraph headings contained herein are for purposes of organization only and do not constitute a part of this Agreement.

k. Any communications or notices to be provided to legal counsel for the Parties pursuant to this Agreement will be sent in writing via email to the attention of the persons identified below (or as the signatories may subsequently direct in writing):

<u>Plaintiffs' Counsel</u>:

Micah West (ASB-1842-J82F)
Ellen Degnan (ASB-3244-I12V)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
T: 334-956-8200
F: 334-956-8481
E: micah.west@splcenter.org
E: ellen.degnan@splcenter.org
E: sara.zampierin@splcenter.org

Clara Potter* (La. Bar No. 38377)
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
T: (504) 486-8982
F: (504) 486-8947
E: clara.potter@splcenter.org

Randall Marshall (ASB-3023-A56M)
ACLU FOUNDATION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106
T: (334) 265-2754
E: rmarshall@aclualabama.org

Tristia Bauman* (D.C. Bar No. 1016342)
NATIONAL LAW CENTER ON HOMELESSNESS & POVERTY

2000 M Street NW, Suite 210
Washington, D.C., 20036
T: (202) 638-2535
E: tbauman@nlchp.org

Defendant's Counsel:

Robert D. Segall
Shannon Holliday
David Martin
Copeland Franco Screws & Gill, P.A.
444 S. Perry Street
P.O. Box 347
Montgomery, AL 36101

**SIGNATURE PAGE FOLLOWS**

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their own signature or by their duly authorized representatives.

JONATHAN SINGLETON

*[signature]*

Date 8/11/2020

RICKY VICKERY

*[signature]*

Date 8-14-20

BOBBY SEGALL, counsel for Defendant

*[signature]*

Date September 15, 2020

MICKI HOLMES

*Micki Holmes*

Date 9-2-20

ELLEN DEGNAN, counsel for Plaintiffs

*Ellen Degnan*

Date 9/14/20

STEVEN REED, Mayor of the City of Montgomery

_____
Date 9/15/2020

# EXHIBIT A

**Directive to City of Montgomery Chief of Police**

**TO:** Montgomery Chief of Police, Ernest Finley

**FROM:** Mayor Steven Reed

**DATE:** XX

**RE:** Enforcement of Begging and Pedestrian Solicitation Statutes in Montgomery County

---

**PURPOSE:**

The purpose of this directive is to outline mandatory changes in enforcement priorities for the Montgomery Police Department effective immediately. On February 12, 2020, the City of Montgomery was named as a Defendant in the lawsuit *Singleton, et al., v. City of Montgomery*, et al., Civil Action No. Case No. 2:20-cv-99-WKW. That lawsuit, brought by three homeless individuals residing in Montgomery, challenged the City of Montgomery's enforcement of Ala. Code § 32-5A-216(b), prohibiting pedestrian solicitation, and Ala. Code § 13A-11-9(a)(1), prohibiting begging, as well as the City's municipal incorporation of those statutes. Specifically, the lawsuit alleged, in part, that it violates the First Amendment to cite or arrest individuals requesting monetary assistance in public spaces in Montgomery.

The City has settled the lawsuit with Plaintiffs. In conjunction with the settlement of this lawsuit, the City of Montgomery has agreed to stop citing or arresting individuals for engaging in this behavior. Therefore, effective immediately, the Montgomery Police Department and each of its employees shall abide by the following directives:

**POLICY:**

1. The City of Montgomery Police Department shall not enforce Ala. Code § 32-5A-216(b) or Ala. Code § 13A-11-9(a)(1) (collectively the "Statutes"), effective immediately.

2. The City of Montgomery Police Department shall not enforce Montgomery Ordinance § 1-9 insofar as it incorporates the Statutes (the "Incorporation Ordinance"), effective immediately.

3. The City of Montgomery Police Department shall immediately direct every Department officer and employee to cease enforcement of the Statutes and the Incorporation Ordinance pursuant to sections (1) and (2) above.

**RESPONSIBILITY:**

It shall be the responsibility of all personnel employed by the Montgomery Police Department to comply with this policy.