IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN SINGLETON, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00099-WKW |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA, | ) | |
| *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

### DEFENDANT HAL TAYLOR'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 23 and this Court's order of August 24, 2020 (ECF Doc. 50), Defendant Hal Taylor, Secretary of the Alabama Law Enforcement Agency, opposes Plaintiffs' motion for class certification (Doc. 54).

Plaintiffs moved for class certification under Federal Rules of Civil Procedure 23(a) and (b)(2). However, they have failed to demonstrate at least three of the four requirements of Rule 23(a) and the requirement of Rule 23(b)(2). This Court should therefore defer or deny Plaintiffs' motion for class certification.

### FACTUAL BACKGROUND

Plaintiffs are three people who have been cited by Montgomery City Police for violating a municipal ordinance incorporating two Alabama statutes, Ala. Code

1

§§ 13A-11-9(a)(1) (providing that it is a crime to loiter, remain, or wander about in a public place for the purpose of begging), and 32-5A-216(b) (providing that "[n]o person shall stand on a highway for the purpose of soliciting . . . contributions from the occupant of any vehicle" unless authorized). The information supplied by Plaintiffs to date provides little to no evidence concerning the circumstances of their citations, and information previously supplied to this Court indicates that as of the filing of this lawsuit, the majority of Plaintiffs' criminal prosecutions in municipal court were still pending, where they are free to raise their constitutional claims. Additionally, the only Plaintiff cited under a municipal incorporation of Ala. Code § 13A-11-9(a)(1) is Plaintiff Vickery, who was cited in July 2018. (ECF doc. 13-2, p. 1). Plaintiff Vickery's citation in that matter was dismissed in August 2018. (Docs. 6-14, p. 17; 22-2, pp. 30-31).

After Secretary Taylor moved to dismiss the complaint, arguing, *inter alia*, that Plaintiffs had failed to demonstrate standing because nothing in their complaint indicated that Secretary Taylor had ever enforced the two Alabama statutes, Plaintiffs submitted additional documents. Those documents show a grand total of four citations apparently issued by State law enforcement officials across Alabama in the past four years, all seemingly for begging at or near an interstate highway. (Doc. 35-1).

Discovery has not commenced due to Secretary Taylor's pending motion to

dismiss. Therefore, Secretary Taylor has only the cursory information provided by Plaintiffs to indicate the circumstances behind Plaintiffs' citations, and the circumstances behind the four other individuals Plaintiffs could locate who have been cited under one statute or the other during the past four years. For example, it is not known whether and to what extent Plaintiffs or the other four people were cited for causing genuine safety concerns and thus were cited for their conduct rather than speech or expression. Secretary Taylor likewise has been presented with no information to indicate the scope of panhandling across the State under conditions that fall within one or both of the two Alabama statutes.

These three Plaintiffs, who have only been convicted of violating Ala. Code § 32-5A-216(b) and only in Montgomery Municipal Court, now purport to represent a statewide class of: "all individuals who will in the future (1) stand on a public street for the purpose of soliciting employment, business, or contributions from the occupant of a vehicle, or (2) loiter, remain, or wander in a public place for the purpose of begging." (Doc. 54, p. 1).

LEGAL STANDARD

Under Rule 23(a), one or more members of a class may sue as representative parties on behalf of all members only if:

> (1)  the class is so numerous that joinder of all members is impracticable;

> (2)  there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a) (emphasis added). "The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)). "A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (quotation omitted).

Under the numerosity prong of Rule 23(a), "no bright-line test" exists for determining when the proposed class is so numerous that joinder of all members is impracticable. *Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526, 537 (N.D. Ala. 2001). However, the Eleventh Circuit has held that, generally, less than twenty-one class members is inadequate but more than forty is adequate. *Southern Independent Bank v. Fred's, Inc.*, 2019 WL 1179396, at *10 (M.D. Ala. Mar. 13, 2019) (citing *Vega*, 564 F.3d at 1266-67). While a plaintiff is not required to show the precise number of members in the class, "a plaintiff still bears the burden of making *some* showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Vega*, 564 F.3d

4

at 1267.

Commonality, requiring questions of law or fact common to the class, means that there must "be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2001) (quotation omitted). Commonality requires a plaintiff to show that the class members "have suffered the same injury." *Wal-Mart Stores*, 564 U.S. at 350 (quotation omitted). "Their claims must depend upon a common contention . . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

The third requirement for class certification under Rule 23(a)—typicality—requires proof of similar issues as commonality. *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996). "Traditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). "The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Williams*, 568 F.3d at 1357 (quotation omitted). A plaintiff

generally must demonstrate that a "sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification" under the typicality requirement. *Piazza*, 273 F.3d at 1346.

In addition to satisfying the numerosity, commonality, typicality, and adequate representation requirements of Rule 23(a), a plaintiff seeking class certification must comply with one of the three requirements of Rule 23(b). The applicable rule here requires a plaintiff to show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores*, 564 U.S. at 360 (quotation omitted). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

A plaintiff bears the burden on class certification. "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S.

27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores*, 564 U.S. at 350 (emphasis in original). Certification of a class "is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id.* at 350-51 (quoting *General Telephone Co.*, 457 U.S. at 161). "A district court that has doubts about whether the requirements of Rule 23 have been met should refuse certification until they have been met." *Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) (quotation omitted).

The procedural posture of the case can affect when and how a court considers a class certification request. The Court's inquiry as to whether Plaintiffs have satisfied the requirements for class certification "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *General Telephone Co.*, 457 U.S. at 160 (quotation omitted). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* The Eleventh Circuit has held that

the court must resolve the standing of the named plaintiffs first, because without standing, a named plaintiff cannot represent the interests of the class. "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). "Thus, it is well-settled that prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Id.* *See also Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) ("We emphasize that any analysis of class certification must begin with the issue of standing . . . . Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity"); *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. Unit A July 1981) ("Inclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements for constitutional standing, even if the persons described in the class definition would have standing themselves to sue. If the plaintiff has no standing individually, no case or controversy arises. This constitutional threshold must be met before any consideration of the typicality of claims or commonality of issues required for procedural reasons by [Rule 23].")

**ANALYSIS**

Plaintiffs have not demonstrated that class certification is appropriate under Federal Rule of Civil Procedure 23(a) or 23(b)(2). The burden is on Plaintiffs to demonstrate that all four of the criteria in Rule 23(a) are met, plus the requirement of Rule 23(b)(2). However, Plaintiffs have failed to demonstrate the numerosity, commonality, and typicality elements of Rule 23(a),[1] and they have failed to demonstrate that Secretary Taylor has acted on grounds that apply generally to the class under Rule 23(b)(2).

Most fundamentally, Plaintiffs have not demonstrated Article III standing to bring their complaint against Secretary Taylor, for the reasons outlined in Secretary Taylor's motion to dismiss. No Plaintiff has been cited or arrested for panhandling by State law enforcement officials, as Plaintiffs' citations and prosecutions have taken place solely in the municipal context. Plaintiffs allege that the two State statutes chill their alleged acts of speech. However, Plaintiffs cannot allege that they are chilled from engaging in constitutionally protected activity based on *others*' citations by different law enforcement entities, even by asserting the injuries of putative class members.

Binding precedent requires this Court to determine Article III standing before

---

[1] Secretary Taylor does not raise any issue concerning the adequate representation requirement of Rule 23(a).

9

ruling on Plaintiffs' class certification motion.[2] This case is a textbook example of the wisdom of this practice. Plaintiffs' complaint is properly directed against the City of Montgomery, not Secretary Taylor. (Plaintiffs sued the City and have already resolved those claims.) Because Plaintiffs' activities and legal entanglements have solely involved the City, Plaintiffs have presented little to no evidence of whether and how Secretary Taylor enforces these two statutes. There is simply no way of knowing at this stage whether Plaintiffs' activities and experiences are at all representative of other potential panhandlers across the State. This lack of information pervasively affects analysis of the numerosity, commonality, typicality, and Rule 23(b)(2) requirements, preventing Plaintiffs from meeting their burden that all these requirements are established. As a result, this Court should rule on Secretary Taylor's motion to dismiss, and only if this Court determines the Plaintiffs have somehow established standing regarding Secretary Taylor should it consider the class certification motion.

*Numerosity:* Plaintiffs seek a class certification of all individuals who will panhandle under the two Alabama statutes, but have no way of even estimating the size of this class. Plaintiffs provide estimates of the number of homeless individuals

---

[2] In addition to the Circuit Court decisions quoted above, the Supreme Court has similarly held that standing by named plaintiffs is a prerequisite to class certification. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

in Alabama, but even assuming that their estimates are close to accurate, they provide no indication as to how many of these homeless individuals actually engage in panhandling.[3] Moreover, not every form of panhandling is prohibited under the two State laws at issue. Ala. Code § 13A-11-9(a)(1) only prohibits loitering, remaining, or wandering about in a public place for the purpose of begging. The fact that Plaintiffs have only located two instances across the State where any individual has been cited for violating this statute (one of which was dismissed) indicates that the class of people who engage or will engage in this activity is significantly smaller than Plaintiffs portray. Ala. Code § 32-5A-216(b) is even narrower. It prohibits a person from "stand[ing] on a highway for the purpose of soliciting . . . contributions from the occupant of any vehicle," unless otherwise authorized. The term "highway" includes "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Ala. Code § 32-1-1.1(23). Plaintiffs have no way of quantifying

---

[3] Plaintiffs provide an estimate of 3,261 Alabamians who experience homelessness on any given day, but of these, only 369 people experience chronic homelessness. Alabama Homelessness Statistics, United States Interagency Council on Homelessness (Jan. 2019), https://www.usich.gov/homelessness-statistics/al. Plaintiffs' source does not define "homelessness," but elsewhere, the same agency defines the term "homeless" in the context of children and youths as "individuals who lack a fixed, regular, and adequate nighttime residence" within the meaning of 42 U.S.C. § 11302(a)(1). Key Federal Terms and Definitions of Homelessness Among Youth, United States Interagency Council on Homelessness (Feb. 2018), https://www.usich.gov/resources/uploads/asset_library/Federal-Definitions-of-Youth-Homelessness.pdf. Thus, conceivably, the agency could be including people who have nighttime residences that are simply not "fixed" or "regular" in its count of homeless individuals in Alabama. These people presumably would be less likely to engage in panhandling.

how many people actually stand in the way of vehicular traffic between the boundary lines on a highway in order to panhandle, but for safety's sake, one hopes that this number is small indeed.

Although precision is not necessary, mere allegations of numerosity do not suffice, and the burden remains on Plaintiffs to show that the class is so numerous that joinder of all members is impracticable. Plaintiffs' state-wide search of cases that they themselves are not representative of has found, at most, four more individuals who have engaged in panhandling under one of the two Alabama statutes over the past four years. They offer no way of showing that any more people than this exist or will engage in such activity over the coming years. This Court is perfectly capable of trying a case involving the three Plaintiffs plus four more individuals if Plaintiffs wish to add them. Thus, the numerosity requirement is not met.

*Commonality, Typicality, and Acting on Grounds Generally Applicable to the Class:* The remaining two requirements of Rule 23(a) as well as the criteria laid out in Rule 23(b)(2), while distinct requirements, all give rise to similar analysis and are explored together here. Especially given the fact that Plaintiffs' standing has not been established with regard to Secretary Taylor, Plaintiffs have failed to show that there are common questions of law or fact across the class, that the claims and defenses of the representative parties are typical of the claims or defenses of the

class, and that Secretary Taylor has acted on grounds that apply generally across the putative class.

Starting with Rule 23(b)(2), the sole evidence of Secretary's action across the putative class comes in the form of four citations issued over the past four years for alleged violations of the two statutes. Four citations across the span of four years do not demonstrate that Secretary Taylor has acted generally across all Alabamians who will panhandle in the future. While these citations offer few details about the circumstances behind their issuance, it does appear that all four citations were issued for panhandling either on a highway or at a highway intersection or off-ramp. (Doc. 35-1, pp. 4-16). This presents an obvious safety concern that is not necessarily implicated by Plaintiffs' panhandling within the City of Montgomery. *See, e.g.*, *Martin v. City of Albuquerque*, 396 F.Supp.3d 1008, 1027-28 (D.N.M. 2019) and cases cited therein (holding restrictions on pedestrian activities within travel lanes further a significant government interest in pedestrian safety). If Plaintiffs are routinely cited or risk being cited for innocuous speech, as they allege, then the four citations Plaintiffs cite to by different law enforcement officers under different circumstances hardly indicate that Secretary Taylor is acting on grounds that apply generally across all panhandlers, including Plaintiffs.

For similar reasons, Plaintiffs have not shown that there are common questions of law or fact across the class, or that the claims and defenses of the

representative parties are typical of the claims or defenses of the class. We know next to nothing at this stage about the specific circumstances that led Montgomery police officers to cite Plaintiffs, let alone whether those conditions are at all similar to the conditions under which anyone has been or would be cited by State law enforcement officials. While any complaint by other panhandlers could theoretically raise similar First Amendment allegations about the statutes, the factual context of their complaint is likely to be significantly different, and facts matter in this type of case. Likewise, the claims or defenses of the class and the class representative surely do not arise from the same event or pattern or practice, and Plaintiffs have not demonstrated a sufficient nexus between their legal claims and those of individual class members. Because of the fundamental lack of information Plaintiffs have provided at this stage, and because Plaintiffs' complaint presents significant standing problems, this Court should act on Secretary Taylor's motion to dismiss, or alternatively deny Plaintiffs' motion for their failure to establish the requirements for a class certification.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification should be denied, or this Court should first act on Secretary Taylor's motion to dismiss.

Respectfully submitted,

Steve Marshall,
*Attorney General*

*s*/ Jeremy S. Weber
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Jeremy S. Weber (ASB-3600-X42G)
  *Assistant Attorney General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8440
Jim.Davis@AlabamaAG.gov
Jeremy.Weber@AlabamaAG.gov

**Counsel for Defendant Hal Taylor**

## CERTIFICATE OF SERVICE

I certify that on October 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record.

*s/* Jeremy S. Weber

**Counsel for Defendant Hal Taylor**