IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SINGLETON, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF MONTGOMERY, ) <br> ALABAMA, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 2:20-CV-99-WKW <br> [WO] |

## **ORDER**

Jonathan Singleton, Ricky Vickery, and Micki Holmes ("Plaintiffs") bring this action against the City of Montgomery, Alabama (the "City"), Hal Taylor, in his official capacity as Secretary of the Alabama Law Enforcement Agency, and Derrick Cunningham, in his official capacity as Sheriff for Montgomery County, Alabama. Plaintiffs seek class certification as well as declaratory and injunctive relief, alleging that enforcement of Alabama Code §§ 13A-11-9(a)(1) and 32-5A-216(b) violates their right to freedom of speech under the First Amendment as incorporated by the Fourteenth Amendment to the United States Constitution.

Plaintiffs and the City represent that they have reached a settlement agreement that resolves this dispute with respect to Plaintiffs' claims against the City only. (Doc. # 56.) In the Joint Stipulation of Dismissal with Prejudice, Plaintiffs and the City request the court to "retain jurisdiction to enforce the [settlement agreement]

for three . . . years." (Doc. # 56, at 2.) The settlement agreement primarily requires that the City will not enforce either Alabama Code § 13A-11-9(a)(1) or Alabama Code § 32-5A-216(b) pending a determination on the constitutionality of the respective statutes. (Doc. # 56-1, at 5–6.) Further, the settlement agreement provides for several contingencies based on the outcome of the remaining case between Plaintiffs and Defendants Taylor and Cunningham. For instance, if the case against Defendants Taylor and Cunningham is resolved without a ruling on the constitutionality of the statutes at issue, then the City

> will continue to be bound to refrain from enforcing the [s]tatutes until the earlier of (i) ten . . . years from the date of an Order in this case dismissing the lawsuit against the City, or (ii) a ruling by the United States Eleventh Circuit Court of Appeals or the Alabama Supreme Court that the [s]tatutes are constitutional.

(Doc. # 56-1, at 5–6). Although this portion of the settlement agreement does not contemplate it, a ruling from the United States Supreme Court holding the respective statutes constitutional would also permit the City to begin enforcement.

Moreover, in the event the case is resolved without any court ruling on the constitutionality of the statutes, such that the City "is bound to refrain from enforcing the [s]tatutes for the above mentioned ten-year period, Plaintiffs shall not be precluded from renewing their claims against the [the City] after the expiration of the ten-year period should the City resume enforcing the [s]tatutes." (Doc. # 56-1,

2

at 6.)

"[F]or a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375 (1994) (footnote omitted)). Here, Plaintiffs and the City have conditioned the effectiveness of the stipulation on the entry of an order retaining jurisdiction. Based upon the nature of this litigation and the represented terms of settlement, the court will retain jurisdiction over the enforcement of the settlement agreement until November 24, 2023. By retaining jurisdiction, the court does not adopt any conclusions of law contained in the settlement agreement.

Accordingly, it is ORDERED as follows:

(1) Plaintiffs and the City's Joint Motion (Doc. # 56) is GRANTED;

(2) Plaintiffs' action against the City of Montgomery is DISMISSED with prejudice on the terms agreed to by Plaintiffs and the City;

(3) The court shall retain jurisdiction over the enforcement of the settlement agreement until November 24, 2023; and

(4) This action proceeds as to Plaintiffs' action against remaining Defendants.

DONE this 24th day of November, 2020.

                                                /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE