IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JONATHAN SINGLETON, etc., et al** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Case No.: 2:20-CV-99-WKW-JTA |
| **CITY OF MONTGOMERY, etc., et al,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT SHERIFF DERRICK CUNNINGHAM'S
### RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW Defendant Sheriff Derrick Cunningham, and for response to Plaintiffs' "Notice of Supplemental Authority in Support of Plaintiffs' Motion for Preliminary Injunction and Opposition to Defendants' Motions to Dismiss" (Doc. # 73), states that the supplemental authority submitted by Plaintiffs (*Vigue v. Shoar,* Docket no. 3:19-cv-186-J-32JBT (M.D. Fla. Oct. 12, 2020)) is not apposite, and does not support Plaintiffs' argument that they have standing to sue Sheriff Cunningham. Consequently, Plaintiffs' claims against Sheriff Cunningham are due to be dismissed. Sheriff Cunningham shows as follows:

### *Vigue v. Shoar* is not persuasive Legal Authority.

In *Vigue,* the plaintiff brought suit against a county sheriff in Florida seeking to enjoin enforcement of two state laws that prohibited individuals from soliciting charity on roadways in Florida without a permit. *Id.* at * 1. The evidence before the court showed that the sheriff's office received 54 calls regarding the plaintiff during a two-year time period prior the complaint being filed. *Id.* The parties agreed, and it was undisputed, that the plaintiff had received thirteen written

1

warnings or citations from sheriff's deputies with respect to the first statute. *Id.* at * 3-4. With respect to the second statute, however, written documentation from the sheriff's office showed that the plaintiff had merely received one written warning and one verbal warning – no citations or arrests. *Id.*

The sheriff argued that the plaintiff lacked standing to sue the sheriff with respect to the second statute because the plaintiff had only received written warnings, and had not been arrested. *Id.* at * 7. The court disagreed. The deputy's field narrative for the verbal warning specifically stated that the plaintiff was warned that he was acting contrary to the panhandling statute at issue, and that appropriate law enforcement action would follow if he violated the statute again. *Id.* at * 9. The court therefore concluded that the plaintiff satisfied the injury in fact requirement of standing. *Id.*

The facts before this Court are different. Plaintiffs have never received written citations, tickets or warnings from the Montgomery County Sheriff's Office ("MCSO") with respect to either of the challenged statutes in this case. (Doc. # 48-1, no. 5) It is also undisputed that the MCSO does not enforce the panhandling statutes in the city limits of Montgomery. (Id.) The MCSO defers to the City of Montgomery Police Department with respect to enforcement of the panhandling statutes in the city limits of Montgomery. (Doc. # 48-1, nos. 4, 6) This policy of no-enforcement in the city limits where Plaintiffs panhandle substantially undermines any argument that Plaintiffs can show an "injury in fact." It also substantially distinguishes this case from *Vigue* where there was no question that the sheriff's deputies enforced the statute at issue and had actually enforced it against the plaintiff.

While two of the Plaintiffs in this case (Vickery and Singleton) belatedly filed additional declarations in an attempt to support their claims against Sheriff Cunningham stating that they had

been verbally warned by a sheriff's deputy to stop panhandling, this is not enough to confer standing. This is because the statutes at issue are not enforced by the sheriff's deputies in the city limits where these Plaintiffs panhandle. Plaintiff cannot show an actual or imminent threat of enforcement against them of a statute that is enforced by the deputies. Therefore, Plaintiffs fail in their arguments regarding injury in fact with respect to Sheriff Cunningham. Moreover, they cannot establish the elements of traceability and redressability. (See Sheriff's Brief in Support of Motion to Dismiss, Doc. # 26, pp. 12-13) Plaintiffs lack standing to sue Sheriff Cunningham all thus claims against him should be dismissed.

/s/Constance Caldwell Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance Caldwell Walker (ASB-5510-L66C)
Attorneys for Defendant Derrick Cunningham,
Sheriff of Montgomery County, Alabama

**OF COUNSEL:**

**GALLION & GALLION, LLC**
7475 Halcyon Pointe Drive
Montgomery, Alabama 36117
Ph:    (334) 265-8573
ttg@hsg-law.com
ccw@hsg-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of March, 2021, I filed the foregoing document using the CM-ECF system which will notify the following:

Micah West
Ellen Degnan
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
Micah.west@splcenter.org
Ellen.degnan@splcenter.org
Sara.zampierin@splcenter.org

Tristia Bauman
National Homelessness Law Center
2000 M Street NW, Suite 210
Washington, D.C. 20036
tbauman@nlchp.org

Robert D. Segall
Shannon L. Holliday
Copeland Franco Screws & Gill P.A.
444 South Perry Street
Montgomery, Alabama 36104
segall@copelandfranco.com
holliday@copelandfranco.com

LaTisha Gotell Faulks
ACLU Foundation of Alabama
Post Office Box 6179
Montgomery, Alabama 36106
tgfaulks@ aclualabama.org

Clara Potter
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
clara.potter@splcenter.org

James W. Davis
Jeremy S. Weber
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Jim.Davis@AlabamaAG.gov
Jeremy.Weber@AlabamaAG.gov

/s/Constance Caldwell Walker
OF COUNSEL