IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SINGLETON, RICKY VICKERY, and MICKI HOLMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency, and DERRICK CUNNINGHAM, in his official capacity as Sheriff for Montgomery County,<br><br>Defendants. | CASE NO. 2:20-CV-99-WKW<br>[WO] |

## ORDER GRANTING PRELIMINARY INJUNCTION

In this 42 U.S.C. § 1983 action, Plaintiffs, homeless residents of Montgomery, Alabama, challenge the constitutionality of two Alabama statutes: Alabama Code § 13A-11-9(a)(1) (prohibiting loitering "in a public place for the purpose of begging") (hereinafter "the Begging Statute") and Alabama Code § 32-5A-216(b) (prohibiting individuals from "stand[ing] on a highway for the purpose of soliciting . . . contributions") (hereinafter "the Solicitation Statute"). Plaintiffs assert that these two statutes (together, "the Statutes") have criminalized their speech in violation of the First Amendment to the United States Constitution. They have sued Derrick

Cunningham, the sheriff of Montgomery County, and Hal Taylor, the secretary of the Alabama Law Enforcement Agency, in their official capacities.

Before the court is Plaintiffs' motion for a preliminary injunction in which Plaintiffs seek to enjoin the enforcement of Alabama Code § 13A-11-9(a)(1) and Alabama Code § 32-5A-216(b).  (Doc. # 5; *see also* Doc. # 13, 35, 51.)  Defendants oppose the motion for a preliminary injunction (Docs. # 23, 36, 48, 49) on grounds that the court has rejected in its separate order denying Defendants' motions to dismiss (Doc. # 78).  The evidence further belies Defendants' arguments and supports Plaintiffs' motion for a preliminary injunction.  Based on a thorough review of the record, the evidence, and the arguments of counsel, the motion is due to be granted.

The decision to grant or deny a preliminary injunction is within the sound discretion of the district court.  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  To prevail on a motion for preliminary injunction, the plaintiff bears the burden of demonstrating that

> "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."

*Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.

2000) (en banc) (per curiam)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).

Plaintiffs have satisfied their burden for Rule 65 relief. First, Plaintiffs have demonstrated a substantial likelihood of success on the merits. They have shown that they have been deprived of their First Amendment rights by the Solicitation and Begging Statutes, which criminalize panhandling and arguably form unconstitutional restrictions on protected speech. *See Smith v. City of Fort Lauderdale, Fla.*, 177 F.3d 954, 956 (11th Cir. 1999) ("Like other charitable solicitation, begging is speech entitled to First Amendment protection."). As the Supreme Court recently reiterated, "[c]ontent-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). Further, the Court has explained, "a speech regulation is content based if the law applies to particular speech because of the topic discussed or the idea or message expressed." *Id.* at 171. The Statutes at issue here are examples of content-based restrictions on expression: They prohibit speech based upon the subject matter

3

discussed or viewpoint set forth.  Moreover, it is dubious that the Statutes will withstand strict scrutiny.  *See generally id.*

Second, Plaintiffs have shown that they will suffer irreparable injury unless the injunction enters.  "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Third, the balancing of injuries weighs in favor of Plaintiffs.  Without preliminary injunctive relief, Plaintiffs will continue to suffer violations of their First Amendment rights.  *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) ("[E]ven a temporary infringement of First Amendment rights constitutes a serious and substantial injury . . . .").  In contrast, the harm to Defendants is minimal to non-existent.  Defendants cannot claim a constitutionally cognizable interest in enforcing laws that are facially unconstitutional.  *See id.* ("[T]he city has no legitimate interest in enforcing an unconstitutional ordinance."); *see also Joelner v. Vill. of Washington Park*, 378 F.3d 613, 620 (7th Cir. 2004) ("[T]here can be no irreparable harm to a municipality when it is prevented from enforcing an unconstitutional statute because it is always in the public interest to protect First Amendment liberties." (citation and internal quotation marks omitted)).

Fourth, Plaintiffs have shown that the issuance of a preliminary injunction would not be adverse to the public interest.  *See KH Outdoor, LLC*, 458 F.3d at 1272

("The public has no interest in enforcing an unconstitutional ordinance."); *see also Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010) (When assessing the appropriateness of preliminary injunctive relief where "the state is a party, the third and fourth considerations are largely the same." (citation omitted)).

In sum, the four factors for obtaining preliminary injunctive relief weigh heavily in Plaintiffs' favor. Plaintiffs have demonstrated their entitlement to a preliminary injunction.

Finally, based on Plaintiffs' indigency, the nature of this litigation, and the strength of their case, no security will be required. (*See* Doc. # 6, at 21–22[1] (collecting cases).)

Accordingly, it is ORDERED that Plaintiffs' motion for a preliminary injunction (Doc. # 5) is GRANTED as follows:

Defendants, separately and severally, and their agents, servants, employees, attorneys, assigns, and all other persons in active concert and participation with them, are ENJOINED and RESTRAINED, pending a final hearing and determination of this cause, from enforcing Alabama Code § 13A-11-9(a)(1) and Alabama Code § 32 5A-216(b), the latter insofar as it pertains to the solicitation of contributions.

---

[1] The pinpoint citation is to the page of the electronically filed document in the court's CM/ECF filing system.

It is further ORDERED that the United States Marshal shall personally serve Defendants with a copy of this Order.

DONE this 25th day of August, 2021.

                                           /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE