IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SINGLETON, RICKY VICKERY, and MICKI HOLMES, on behalf of themselves and others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 2:20-CV-99-WKW [WO] |
| HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency, and DERRICK CUNNINGHAM, in his official capacity as Sheriff for Montgomery County, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In this 42 U.S.C. § 1983 action, Plaintiffs, homeless residents of Alabama, challenge the constitutionality of two Alabama statutes: Alabama Code § 13A-11-9(a)(1) (prohibiting loitering "in a public place for the purpose of begging") (hereinafter "the Begging Statute") and Alabama Code § 32-5A-216(b) (prohibiting individuals from "stand[ing] on a highway for the purpose of soliciting . . . contributions") (hereinafter "the Solicitation Statute"). Plaintiffs assert that these two statutes (together, "the Statutes") have criminalized their speech in violation of the First Amendment to the United States Constitution. They have sued Derrick

Cunningham, the Sheriff of Montgomery County, and Hal Taylor, the Secretary of the Alabama Law Enforcement Agency, in their official capacities.

Before the court is Plaintiffs' motion for class certification. (Doc. # 54.) Plaintiffs seek to represent "[a]ll individuals who will in the future (1) stand on a public street for the purpose of soliciting employment, business, or contributions from the occupant of a vehicle, or (2) loiter, remain, or wander in a public place for the purpose of begging." (Doc. # 54 at 2.) Plaintiffs argue that the proposed class meets the prerequisites of Fed. R. Civ. P. 23(a) and can be maintained under Fed. R. Civ. P. 23(b)(2), as the injunctive relief sought is appropriate for the class as a whole. For the reasons stated below, Plaintiffs' motion is due to be granted.

Plaintiffs also argue, and Defendants do not contest, that their current counsel meet the requirements of Fed. R. Civ. P. 23(g) and should be appointed to represent the class as a whole. Such appointment is appropriate in this case.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights). Personal jurisdiction and venue are uncontested.

## II. STANDARD OF REVIEW

Under Rule 23 of the Federal Rules of Civil Procedure, an individual may sue on behalf of a class of persons if certain requirements are met. The prerequisites, listed in Rule 23(a), require that the action involve (1) a class "so numerous that

joinder of all members is impracticable," (2) "questions of law or fact common to the class," (3) representative parties asserting claims that are "typical of the claims . . . of the class," and (4) representative parties who will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). An action that meets these prerequisites can proceed as a class action if it fits into one of the three categories listed in Rule 23(b). As relevant here, the action would qualify if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). The standard is an evidentiary standard, not a pleading standard: "A party seeking class certification must affirmatively demonstrate his compliance with the Rule— that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016).

3

### III. DISCUSSION

**A. The proposed class meets the Rule 23(a) prerequisites.**

Each of the Rule 23(a) prerequisites is challenged by at least one defendant. (Doc. # 57 at 9; Doc. # 60 at 21.) The court will thus address each in turn.

### *1. Numerosity*

The numerosity question is fundamentally a question of practicability of joinder. "Practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986). "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (quotation marks and citation omitted). "Although mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983).

To support a finding of numerosity, Plaintiffs note that there are over 3,200 homeless residents of Alabama, the Mobile Police department made more than 200 panhandling arrests, and the Dothan Police Department arrested 27 people for violating the Begging Statute. Plaintiffs also note that other factors make joinder

impracticable, such as the dispersion of the class members, the lack of financial resources in the class, and the lack of economic incentive for the class members to join a suit for injunctive and declaratory relief. (Doc. # 55 at 10–11.)

Defendant Taylor argues that only seven individuals have been prosecuted under the two challenged statutes. (Doc. # 57 at 12.) Defendant Cunningham further notes that only one of those seven has been prosecuted by the Macon County Sheriff's Office. (Doc. # 60 at 19.)

Defendants mischaracterize this inquiry. The question is whether the proposed class has twenty-one to forty members, not whether all of those members have been cited under the challenged statutes. Plaintiffs have produced sufficient evidence to prove that the proposed class does include more than forty individuals. Again, the proposed class is: "All individuals who will in the future (1) stand on a public street for the purpose of soliciting employment, business, or contributions from the occupant of a vehicle, or (2) loiter, remain, or wander in a public place for the purpose of begging." (Doc. # 54 at 2.) Based on the Mobile and Dothan citation figures, it is clear that more than forty people have recently engaged in activities that would qualify them as class members. There is no reason to believe that a future class would not reflect these numbers.

What Defendants seem to attack is the standing of the members of the proposed class. However, at the class certification stage, only the named Plaintiffs

need to have standing. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1273 (11th Cir. 2019). The unnamed Plaintiffs' lack of standing can affect the commonality of the claims and the prudence of maintaining the action as a class action, but it does not affect the numerosity of the class itself. *See id.* And in this case, the drawbacks of any lack of standing are obviated by the fact that the requested relief would be the same if only one Plaintiff has standing against both Defendants. Since the court has, by previous opinion, determined that the named Plaintiffs do have standing, (Doc. # 78), there is no need to further analyze standing here.

### 2. *Commonality and Typicality*

Commonality requires "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982)). Typicality is related, and simply requires a "nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. Typicality, however, does not require identical claims or defenses." *Id.*

6

Plaintiffs identify two factual issues and four legal issues that are common to the class. (Doc. # 55 at 12–13.) Plaintiffs argue that the Statutes infringe upon the First Amendment rights of all class members, including the named Plaintiffs. Defendants argue that there is a lack of commonality and typicality for two reasons: (1) because few of the class members have been cited and (2) because individual circumstances of enforcement are relevant to each class member's claim.

This case involves a facial challenge to the two Alabama Statutes. Deciding whether the Statutes are facially unconstitutional will not involve any scrutiny of the individual circumstances of enforcement. A decision on the fundamental issue will affect the claims of each class member, regardless of his or her particular circumstances. Therefore, the common questions are the predominant, if not the sole issues in this case. Plaintiffs have demonstrated commonality and typicality.

### 3. *Adequate Representation*

Sheriff Cunningham also asserts that the named Plaintiffs are inadequate representatives because their declarations do not clearly show a willingness to represent individuals outside the City of Montgomery. However, the supplemental declarations clearly show that Plaintiffs have met their burden in this respect. Plaintiff Vickery has stated: "I also understand that through this lawsuit I may be representing hundreds of people across Montgomery County and the State of Alabama who panhandle." (Doc. # 61-1 at 2.) Plaintiff Singleton and Plaintiff

7

Holmes have testified to the same effect. (Doc. # 61-2 at 2, Doc # 61-3 at 3.) The Sheriff's other arguments regarding the representation of the named Plaintiffs are similarly unpersuasive. Plaintiffs' evidence demonstrates that the named Plaintiffs are responsive and alert to the status of these proceedings, aware of the nature and consequences of these proceedings, and willing to contribute to the prosecution of this action as needed.

This action satisfies the Rule 23(a) prerequisites.

**B. This action is proper under Rule 23(b)(2) because relief is appropriate for the class as a whole.**

A Rule 23(b)(2) class can be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360.

Defendants argue that the rarity of enforcement defeats the argument that they acted on grounds that apply generally across all panhandlers. However, enforcement against any member of the class can be considered an injury against the whole class for First Amendment purposes. *See Jacobs v. The Fla. Bar*, 50 F.3d 901, 904 (11th

Cir. 1995). Whether the statute chills the speech rights of the class turns only on the enforcement of the statute, not whether that enforcement was brought against every member of the class. Both Defendants have enforced one or both of the challenged Statutes, and both have therefore acted against the class in the same way. As the Supreme Court emphasized in *Dukes*, a Rule 23(b)(2) class is appropriate if the injunctive relief is indivisible. In this case—involving a facial challenge to the Statutes—the relief is certainly indivisible. Maintaining the action as a class action is therefore appropriate.

**C. There is sufficient need for a class action.**

Defendant Cunningham argues that a class action is not appropriate because it is not "necessary." He argues that the indivisible nature of the relief sought means that the addition of a class of plaintiffs will not add any value to this case. (Doc. # 60 at 28–29.) Of course, as Plaintiffs point out, a change in relief sought is not the only value that the class mechanism can bring. In this case, where the plaintiffs are necessarily indigent and likely homeless, the class action mechanism provides stability, protection against mootness, and ensures that the action can continue should a named plaintiff go missing. That is value enough for class certification.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED:

1. Plaintiffs' motion for class certification (Doc. # 54) is GRANTED.

9

2. Plaintiffs may proceed on behalf of all individuals who will in the future (1) stand on a public street in the State of Alabama for the purpose of soliciting employment, business, or contributions from the occupant of a vehicle, or (2) loiter, remain, or wander in a public place in the State of Alabama for the purpose of begging.

3. The attorneys currently representing the named plaintiffs are appointed to represent this class of persons.

4. The parties will file a Rule 26(f) report on or before **December 1, 2021**.

DONE this 8th day of November, 2021.

                                          /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE