IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SINGLETON, on behalf of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency, and DERRICK CUNNINGHAM, in his official capacity as Sheriff for Montgomery County,<br><br>        Defendants. | CASE NO. 2:20-CV-99-WKW<br>[WO] |

## ORDER APPROVING JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT DERRICK CUNNINGHAM ONLY

In this 42 U.S.C. § 1983 action, Plaintiff and the certified class, who are homeless residents of Alabama, challenge the constitutionality of two Alabama statutes: Alabama Code § 13A-11-9(a)(1) (prohibiting loitering "in a public place for the purpose of begging") and Alabama Code § 32-5A-216(b) (prohibiting individuals from "stand[ing] on a highway for the purpose of soliciting . . . contributions"). Plaintiff and the certified class assert that these two statutes have criminalized their speech in violation of the First Amendment to the United States Constitution. They have sued Derrick Cunningham, the Sheriff of Montgomery

County, and Hal Taylor, the Secretary of the Alabama Law Enforcement Agency, in their official capacities.

The parties jointly seek the court's preliminary approval of their proposed settlement agreement (Doc. # 92), which, if finally approved by the court, will result in the settlement of the class claims against Defendant Derrick Cunningham only. The parties have moved the court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, (1) to grant preliminary approval of the proposed settlement agreement, (2) to approve the proposed manner in which the parties intend to notify the class members about the proposed settlement agreement, (3) to order the parties to commence the period of notice of the proposed settlement agreement no later than thirty days following the entry of the court order preliminarily approving the proposed settlement agreement, and (4) to set a date for a final hearing on the fairness, adequacy, and reasonableness of the settlement agreement no sooner than 60 days after the court enters an order preliminarily approving the proposed settlement agreement.

The court has considered the proposed settlement agreement and its attachment, the motion for preliminary approval of the settlement agreement, and the memoranda of law in support of the motion. Upon consideration of the record, the court finds as follows:

(1)  The proposed settlement agreement appears to be the result of arm's length negotiations by highly experienced and knowledgeable class counsel.

(2) The proposed settlement agreement is the product of more than two years of litigation, during which the parties have filed substantive motions and have participated in the initial stages of discovery. During this time, the parties have had ample opportunity to develop and test their claims and defenses.

(3) The proposed settlement agreement is sufficiently within the range of reasonableness that preliminary approval will be granted.

Based on the foregoing findings, it is ORDERED as follows:

(1) The parties' joint motion for preliminary approval of the proposed class settlement between Plaintiff and Defendant Derrick Cunningham (Doc. # 92) is GRANTED.

(2) The terms of the proposed settlement agreement (Doc. # 92-2), including the attachment to that agreement, are preliminarily approved as being fair, reasonable, and adequate to the settlement class, subject to the final approval hearing.

(3) The manner proposed by the parties to notify the class members about the proposed settlement is APPROVED.

(4) The parties shall commence the period for notice of the proposed settlement agreement no later than 30 days following the entry of this Order.

(5) A final approval hearing on the fairness, adequacy, and reasonableness of the proposed settlement agreement is scheduled on **September 8, 2022, at 1:30**

**p.m.**, Central Time, before the undersigned, in courtroom 2-B of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama.  At or after the final approval hearing, a determination will be made as to whether the settlement agreement should be finally approved.

DONE this 6th day of July, 2022.

                                                           /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE