IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SINGLETON, on behalf of himself and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency, and DERRICK CUNNINGHAM, in his official capacity as Sheriff for Montgomery County,<br><br>      Defendants. | CASE NO. 2:20-CV-99-WKW<br>[WO] |

## **ORDER**

Before the court is Plaintiff Jonathan Singleton and Defendant Derrick Cunningham's ("parties") Joint Motion for Final Approval of Proposed Class Action Settlement Between Plaintiff and Defendant Derrick Cunningham Only. (Doc. # 101.) The motion is due to be granted.

On July 6, 2022, the court entered an order preliminarily approving the terms of the parties' settlement of the class claims against Sheriff Derrick Cunningham and set a final approval hearing for September 8, 2022. (Doc. # 94.) Notice of the hearing, which was published in the *Montgomery Advertiser* and through other means (Doc. # 101-2), set a sixty-day deadline for class members to object to the

settlement agreement (Doc. # 101-1, at 3). Counsel notified the court on September 6, 2022, that no objections to the settlement agreement were received. (Doc. # 98.) On September 8, 2022, a final approval hearing was held. On September 20, 2022, after discussions at the fairness hearing and on the parties' joint motion, the court certified a sub-class for purposes of settlement only. (Docs. # 105–06, 109.)

Rule 23(e)(2) of the Federal Rules of Civil Procedure governs the procedure for court approval of a proposed class action settlement:

> [T]he court may approve [a class action settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (delineating factors a court should consider in deciding whether a settlement is fair, adequate, and reasonable).

The court carefully has considered the stipulated settlement agreement (Doc. # 92-2), the parties' joint brief in support of their motion (Doc. # 101-1), the arguments at the final approval hearing, and the record as a whole. Based upon the Rule 23(e)(2) and *Bennett* factors, the court finds that the stipulated settlement agreement is fair, reasonable, and adequate. Accordingly, it is ORDERED as follows:

(1) The Joint Motion for Final Approval of Proposed Class Action Settlement Between Plaintiff and Defendant Derrick Cunningham Only (Doc. # 101) is GRANTED.

(2) Jurisdiction over the settlement agreement is RETAINED for a period of three years from the date of this Order.

(3) The claims against Sheriff Cunningham are DISMISSED with prejudice, and the Clerk of the Court is DIRECTED to terminate Sheriff Cunningham as a party.

This action proceeds as to class claims against Hal Taylor, in his official capacity as Secretary of the Alabama Law Enforcement Agency.

DONE this 20th day September, 2022.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE