**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 08, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-11163-HH
Case Style: Jonathan Singleton v. Secretary of the Alabama Law Enforcement Agency, et al
District Court Docket No: 2:20-cv-00099-WKW-JTA

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11163

_____

JONATHAN SINGLETON,
on behalf of himself and others similarly situated,

                                                      Plaintiff-Appellee,

RICKY VICKERY. et al.,

                                                            Plaintiffs,

*versus*

CITY OF MONTGOMERY, ALABAMA, et al.,

                                                            Defendants,

SECRETARY OF THE ALABAMA LAW ENFORCEMENT AGENCY,

2   Opinion of the Court   23-11163

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00099-WKW-JTA

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

      This appeal requires us to decide whether two Alabama statutes that criminalize begging are facially unconstitutional under the First Amendment. Hal Taylor, in his official capacity as Secretary of the Alabama Law Enforcement Agency, appeals from the district court's grant of summary judgment to Jonathan Singleton, on behalf of himself and others similarly situated, declaring the two Alabama statutes facially unconstitutional under the First Amendment and permanently enjoining Taylor from enforcing those statutes. The sole dispositive issue on appeal is whether begging is protected speech under the First Amendment. A prior panel of this Court has already answered that question in the affirmative. Accordingly, we are bound to affirm.

Case 2:20-cv-00099-WKW-JTA    Document 128    Filed 04/08/25    Page 5 of 17
USCA11 Case: 23-11163    Document: 96-1    Date Filed: 04/08/2025    Page: 3 of 15

23-11163                Opinion of the Court                3

## I. Background

Jonathan Singleton is a homeless resident of Montgomery, Alabama, who holds a sign to solicit help from others. Singleton has been cited six times for violating Alabama Code § 32-5A-216(b) ("the pedestrian solicitation statute"), which prohibits a person, in relevant part, from "stand[ing] on a highway" to "solicit[] employment, business, or contributions from the occupant of any vehicle" unless otherwise authorized.[1] The Alabama Law Enforcement Agency ("ALEA") enforces the pedestrian solicitation statute throughout Alabama. A person who violates the pedestrian solicitation statute may be subjected to fines and imprisonment. *See* Ala. Code § 32-5A-8.

ALEA also enforces Alabama Code § 13A-11-9(a)(1) ("the begging statute"), which prohibits a person from "[l]oiter[ing], remain[ing], or wander[ing] about in a public place for the purpose of begging."[2] A person who violates the begging statute may be

---

[1] Alabama Code § 32-5A-216(b) provides in full:

> No person shall stand on a highway for the purpose of soliciting employment, business, or contributions from the occupant of any vehicle, nor for the purpose of distributing any article, unless otherwise authorized by official permit of the governing body of the city or county having jurisdiction over the highway.

[2] Alabama Code § 13A-11-9(a)(1) provides in full: "A person commits the crime of loitering if he or she does any of the following: Loiters, remains, or wanders about in a public place for the purpose of begging." Although Alabama has twice amended other subsections of this statute after Taylor noticed this appeal, the begging statute's operative language remains unchanged. *See* Ala.

| 4 | Opinion of the Court | 23-11163 |

subject to fines and imprisonment. *See* Ala. Code §§ 13A-5-7, 13A-5-12, 13A-11-9(e). ALEA has warned, cited, and arrested people for violations of both statutes.

Singleton brought this action on behalf of himself[3] and all others similarly situated seeking to enjoin Taylor, in his official capacity as Secretary of ALEA,[4] from enforcing the begging and pedestrian solicitation statutes.[5] Singleton also sought a declaration that the begging and pedestrian solicitation statutes facially violate the First Amendment because they unlawfully restrict protected speech.

The district court preliminarily enjoined enforcement of the begging and pedestrian solicitation statutes. Singleton then moved for summary judgment and for permanent injunctive relief. In response, Taylor recognized that "in the Eleventh Circuit, 'begging

---

Laws Act 2023-245; Ala. Laws Act 2024-326. Accordingly, these amendments do not moot Taylor's appeal. *See Naturist Soc'y, Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992) ("To the extent that [a statute's challenged] features remain in place, and changes in the law have not so fundamentally altered the statutory framework as to render the original controversy a mere abstraction, the case is not moot.").

[3] Singleton was joined by named co-plaintiffs Ricky Vickery and Micki Holmes. Vickery and Holmes died while this case was pending before the district court.

[4] Singleton also named as defendants the City of Montgomery, Alabama, and Derrick Cunningham, in his official capacity as Sheriff of Montgomery County. Singleton, however, settled with the City and Cunningham, and the district court dismissed them as defendants in this case.

[5] The district court certified this action as a class action.

Case 2:20-cv-00099-WKW-JTA   Document 128   Filed 04/08/25   Page 7 of 17
USCA11 Case: 23-11163   Document: 96-1   Date Filed: 04/08/2025   Page: 5 of 15

23-11163               Opinion of the Court                    5

is speech entitled to First Amendment protection.'" (quoting *Smith v. City of Fort Lauderdale*, 177 F.3d 954, 956 (11th Cir. 1999)). Thus, Taylor conceded that Singleton was "entitled to judgment as a matter of law" because under our First Amendment precedent, Alabama "cannot broadly restrict panhandling in the manner its laws provide."[6] Accordingly, the district court granted Singleton summary judgment and permanent injunctive relief. Taylor timely appealed.

## II.     Standard of Review

"We review *de novo* a district court's grant of summary judgment, applying the same standard as the district court." *Snell v. United Specialty Ins. Co.*, 102 F.4th 1208, 1214 (11th Cir. 2024) (quotation omitted). "Namely, summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

## III.     Discussion

Taylor argues that the "sole dispositive issue in this appeal" is "[w]hether the First Amendment, as originally understood, permits the criminalization of begging." According to Taylor, the First Amendment does not protect begging. In particular, Taylor argues that (1) we must look to the original public meaning of the First Amendment to decide whether begging is protected speech,

---

[6] Taylor also "reserve[d] the right to ask the Eleventh Circuit to reconsider" *Smith*.

| 6 | Opinion of the Court | 23-11163 |
|---|---|---|

and (2) the original public meaning of the First Amendment does not protect begging. In support, Taylor cites several laws from common-law England, the Founding Era, and Reconstruction that criminalized begging and vagrancy. But as we will explain, our precedent requires us to affirm.

The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. The Fourteenth Amendment's Due Process Clause incorporates the First Amendment's Free Speech Clause against the states. *See* U.S. Const. amend. XIV, § 1, cl. 3; *Gitlow v. New York*, 268 U.S. 652, 666–67 (1925).

A law is facially unconstitutional under the First Amendment if "a substantial number of the law's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (alteration adopted) (quotation omitted). When considering a facial challenge under the First Amendment, we must first "determine what the law covers." *Id.* at 725 (alteration adopted) (quotation omitted). Next, we must "decide which of the laws' applications violate the First Amendment, and . . . measure them against" those that do not. *Id.* In so doing, we "must explore the laws' full range of applications—the constitutionally impermissible and permissible both—and compare the two sets." *Id.* at 726.

We turn first to what the law covers. Here, the begging statute criminalizes "[l]oiter[ing], remain[ing], or wander[ing] about in a public place for the purpose of begging." Ala. Code

Case 2:20-cv-00099-WKW-JTA   Document 128   Filed 04/08/25   Page 9 of 17
USCA11 Case: 23-11163   Document: 96-1   Date Filed: 04/08/2025   Page: 7 of 15

23-11163                Opinion of the Court                7

§ 13A-11-9(a)(1). The Alabama Code does not define the term "begging." The parties do not cite, and we are not aware of, any construction given to that term by Alabama courts. Accordingly, we give the term "begging" its "plain, ordinary, and most natural meaning" at the time of its enactment. *In re Celotex Corp.*, 227 F.3d 1336, 1338 (11th Cir. 2000) (quotation omitted). The plain, ordinary meaning of "begging" when Alabama enacted the begging statute[7] was to ask for charitable relief for the poor. *See Beg*, 1 *Oxford English Dictionary* 765 (1st ed. 1978) ("To ask (bread, money, etc.) in alms or as a charitable gift . . . ."); *Alms*, 1 *Oxford English Dictionary* 247 (1st ed. 1978) ("Charitable relief of the poor; charity . . . ."). Given the begging statute's text, its "full range of applications" criminalizes begging alone. *Moody*, 603 U.S. at 726; *see* Ala. Code § 13A-11-9(a)(1) (prohibiting "[l]oiter[ing], remain[ing], or wander[ing] about in a public place *for the purpose of begging*" (emphasis added)).

As for the pedestrian solicitation statute, that statute prohibits any person from, in relevant part, "stand[ing] on a highway for the purpose of soliciting employment, business, or contributions from the occupant of any vehicle" unless otherwise authorized. Ala. Code § 32-5A-216(b). Like the begging statute, neither the Alabama Code nor Alabama courts have defined the terms "soliciting" or "contributions." But the "plain, ordinary, and

---

[7] Alabama enacted its current begging statute in 1977. *See* Ala. Acts 1977, No. 607, p. 812, § 5540.

Case 2:20-cv-00099-WKW-JTA   Document 128   Filed 04/08/25   Page 10 of 17
USCA11 Case: 23-11163   Document: 96-1   Date Filed: 04/08/2025   Page: 8 of 15

8                    Opinion of the Court                    23-11163

most natural meaning" of the statute at the time of its enactment[8] includes begging, as ordinarily understood, within its prohibitions. *Celotex Corp.*, 227 F.3d at 1338 (quotation omitted); *see Solicit*, 10 *Oxford English Dictionary* 395 (1st ed. 1978) ("To entreat or petition (a person) for, or to do, something; to urge, importune; to ask earnestly or persistently."); *Contribution*, 2 *Oxford English Dictionary* 924 (1st ed. 1978) ("The action of contributing or giving as one's part to a common fund or stock; the action of lending aid or agency to bring about a result."). Moreover, the record shows that ALEA has enforced the pedestrian solicitation statute against begging, as ordinarily understood.

The pedestrian solicitation statute's "full range of applications," however, is not limited to begging. *Moody*, 603 U.S. at 726. The plain, ordinary meaning of the pedestrian solicitation statute also restricts other speech across Alabama, such as charitable solicitation for nonprofit or religious organizations or solicitation of support for political candidates.[9] *Id.*; *see* Ala. Code

---

[8] Alabama enacted the pedestrian solicitation statute in its current form in 1980. *See* Ala. Acts 1980, No. 80-434, p. 604, § 5-107.

[9] The parties stipulated below that the pedestrian solicitation statute does not apply to "someone standing on a highway solicitating [*sic*] support for a political candidate or conveying a religious message." We need not decide the effect of this stipulation because, for our purposes, the result is the same. *See United States v. One 1978 Bell Jet Ranger Helicopter*, 707 F.2d 461, 462–63 (11th Cir. 1983) (explaining that a stipulation "as to what the law requires" does not bind the court, but the parties may stipulate to limit the issues that are tried). If the stipulation binds us, then we must accept that the pedestrian solicitation statute only applies to begging, and then we must decide whether that "full

Case 2:20-cv-00099-WKW-JTA    Document 128    Filed 04/08/25    Page 11 of 17
USCA11 Case: 23-11163    Document: 96-1    Date Filed: 04/08/2025    Page: 9 of 15

23-11163               Opinion of the Court                9

§ 32-5A-216(b); *see also Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989) ("[T]he First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office." (quotation omitted)); *Vill. of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980) ("[C]haritable appeals for funds, on the street or door to door, . . . are within the protection of the First Amendment.").

Having identified the range of applications of the begging and pedestrian solicitation statutes, we next turn to which, if any, of those applications violate the First Amendment. *See Moody*, 603 U.S. at 725–26. Taylor appears to concede that, under *Schaumburg*, non-begging applications of the pedestrian solicitation statute are unconstitutional. *See Schaumburg*, 444 U.S. at 632. Taylor does not offer any examples of unprotected, non-begging speech that might save the pedestrian solicitation statute from Singleton's facial challenge. Instead, Taylor insists we focus our attention solely on the pedestrian solicitation statute's application to begging. In the

---

range" of applications is constitutional. *See Moody*, 603 U.S. at 726. If the stipulation does not bind us, then we must consider the pedestrian solicitation statute's applications to other, non-begging speech. Because, however, Taylor concedes that all applications of the pedestrian solicitation statute to non-begging speech are unconstitutional, we similarly must decide whether the pedestrian solicitation statute's applications to begging are constitutional and weigh them against the concededly unconstitutional applications. *See id.* Accordingly, regardless of the parties' stipulation, our review turns solely on the constitutionality of the pedestrian solicitation statute's applications to begging. Thus, we assume without deciding that the parties' stipulation does not bind us. *See One 1978 Bell Jet Ranger Helicopter*, 707 F.2d at 462–63.

Case 2:20-cv-00099-WKW-JTA   Document 128   Filed 04/08/25   Page 12 of 17
USCA11 Case: 23-11163   Document: 96-1   Date Filed: 04/08/2025   Page: 10 of 15

10                    Opinion of the Court                 23-11163

face of that concession, we put Singleton's non-begging examples of the pedestrian solicitation statute's applications on the "constitutionally impermissible" side of the ledger. *Moody*, 603 U.S. at 726.

We must then decide on which side of the ledger to put the begging statute's and pedestrian solicitation statute's applications to begging. If those applications are constitutionally impermissible, then there is no "permissible" set of constitutional applications, and the statutes are facially unconstitutional. *Id.* Accordingly, we next turn to whether begging is protected speech under the First Amendment. *See id.* at 725–26 (asking whether state laws "intru[ded] on protected editorial discretion" to determine whether those "laws' applications violate the First Amendment"). We must follow our earlier decision answering that question in the affirmative.

"A prior panel decision of this Court is binding on subsequent panels and can be overturned only by the Court sitting en banc." *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003). Accordingly, we must "follow the precedent of the first panel to address the relevant issue." *Stanley v. City of Sanford*, 83 F.4th 1333, 1338 (11th Cir. 2023) (quotation omitted). A prior panel decision addresses the same relevant issue "if we cannot distinguish the facts or law of the case under consideration." *Devengoechea v. Bolivarian Republic of Venez.*, 889 F.3d 1213, 1227 (11th Cir. 2018).

In *Smith v. City of Fort Lauderdale*, we considered whether Rule 7.5(c) of the City of Fort Lauderdale's Rules and Park

Case 2:20-cv-00099-WKW-JTA    Document 128    Filed 04/08/25    Page 13 of 17
USCA11 Case: 23-11163    Document: 96-1    Date Filed: 04/08/2025    Page: 11 of 15

23-11163               Opinion of the Court                11

Regulations for City Parks and Beaches ("Rule 7.5(c)"), which prohibited "[s]oliciting, begging or panhandling" on the beach, violated the First Amendment. 177 F.3d at 955 (quotation omitted). We observed that it was "undisputed that 'soliciting,' 'begging,' and 'panhandling' are interchangeable terms," so we "use[d] the term 'begging' to encompass all three." *Id.* at 955 n.1. Rule 7.5(c) did not define the terms "soliciting," "begging," or "panhandling," and Florida courts have not construed those terms in Rule 7.5(c).[10] Accordingly, we gave the terms their "plain, ordinary, and most natural meaning" as in the begging and pedestrian solicitation statutes. *Celotex Corp.*, 227 F.3d at 1338 (quotation omitted).[11] Fort Lauderdale enacted Rule 7.5(c) in 1993. *Chad v. City of Fort Lauderdale*, 861 F. Supp. 1057, 1059 (S.D. Fla.

---

[10] Rule 7.5(c) remains on the books in Fort Lauderdale virtually unchanged since *Smith*, and Fort Lauderdale has not codified definitions of "soliciting," "begging," or "panhandling" in that time. *See* Beach Rules and Regulations, https://www.fortlauderdale.gov/government/departments-a-h/fire-rescue/organization/ocean-rescue/beach-rules-and-regulations [https://perma.cc/C2AL-EAQB] ("7.5(c) Soliciting, begging or panhandling is prohibited. This includes tips or payment for any service, performance or instruction.").

[11] In *Smith*, we did not explicitly state that we were construing the relevant statutory terms according to their plain and ordinary meaning. *See Smith*, 177 F.3d at 956. But we did not cite any statutory or state-court definitions of those terms, either. *See id.* Instead, we relied on *Loper v. New York City Police Department*, 999 F.2d 699, 704 (2d Cir. 1993), which considered a similar ordinance and gave the term "begging" its plain, ordinary meaning. *See Smith*, 177 F.3d at 956; *Loper*, 999 F.2d at 704 (observing, without citation, that "[b]egging frequently is accompanied by speech indicating the need for food, shelter, clothing, medical care or transportation").

Case 2:20-cv-00099-WKW-JTA    Document 128    Filed 04/08/25    Page 14 of 17
USCA11 Case: 23-11163    Document: 96-1    Date Filed: 04/08/2025    Page: 12 of 15

12                    Opinion of the Court                    23-11163

1994). At that time, the plain, ordinary meaning of "begging" was to ask for charitable relief for the poor. *See Beg*, 2 *Oxford English Dictionary* 65 (2d ed. 1989) ("To ask (bread, money, etc.) in alms or as a charitable gift . . . ."); *Alms*, 1 *Oxford English Dictionary* 354 (2d ed. 1989) ("Charitable relief of the poor; charity . . . ."). We then held that "[l]ike other charitable solicitation, begging is speech entitled to First Amendment protection." *Smith*, 177 F.3d at 956. But we also noted that Fort Lauderdale had an "interest in providing a safe, pleasant environment and eliminating nuisance activity on the beach." *Id*. Although Rule 7.5(c) prohibited begging on the beach, Rule 7.5(c) also was "content-neutral and le[ft] open ample alternative channels of communication," such as "begging in streets, on sidewalks, and in many other public fora throughout" Fort Lauderdale.[12] *Id*. at 956–57. Thus, we ultimately affirmed summary judgment for Fort Lauderdale. *Id*. at 957.

We next consider "if we can[] distinguish the facts or law" of this case from *Smith*. *Devengoechea*, 889 F.3d at 1227. As discussed, the begging and pedestrian solicitation statutes also do not define "begging," "solicitation," or "contributions," but the two statutes apply to begging as ordinarily understood. And, as noted above, the plain, ordinary meaning of "begging" was the same when Fort

---

[12] Although not relevant to our decision in this case, we explained in *Smith* that "in a public forum, the government may enforce regulations of the time, place, and manner of expression which [1] are content-neutral, [2] are narrowly tailored to serve a significant government interest, and [3] leave open ample alternative channels of communication." 177 F.3d at 956 (quotation omitted). Rule 7.5(c) met each of these three criteria. *See id*. at 956–57.

23-11163				Opinion of the Court				13

Lauderdale enacted Rule 7.5(c) as when Alabama enacted the begging and pedestrian solicitation statutes. *Compare Beg*, 1 *Oxford English Dictionary* 765 (1st ed. 1978) ("To ask (bread, money, etc.) in alms or as a charitable gift . . . ."), *with Beg*, 2 *Oxford English Dictionary* 65 (2d ed. 1989) ("To ask (bread, money, etc.) in alms or as a charitable gift . . . ."); *see also Alms*, 1 *Oxford English Dictionary* 247 (1st ed. 1978) ("Charitable relief of the poor; charity . . . ."); *Alms*, 1 *Oxford English Dictionary* 354 (2d ed. 1989) ("Charitable relief of the poor; charity . . . ."). Thus, the "begging" prohibited by the begging and pedestrian solicitation statutes is the same "begging" prohibited by Rule 7.5(c). And we have already held that such begging is "entitled to First Amendment protection." *Smith*, 177 F.3d at 956. Thus, because *Smith* considered the same issue that we now consider, *Smith* is "the precedent of the first panel to address the relevant issue." *Stanley*, 83 F.4th at 1338 (quotation omitted); *see Devengoechea*, 889 F.3d at 1227.

Under our "prior-panel-precedent rule," we are bound to follow *Smith*, and we now apply *Smith* to this case. *See Stanley*, 83 F.4th at 1338 (quotation omitted). The begging and pedestrian solicitation statutes criminalize begging, and begging is "entitled to First Amendment protection." *Smith*, 177 F.3d at 956. And because the begging and pedestrian solicitation statutes apply throughout public areas of Alabama, they do not "leave open ample alternative channels of communication," such as "begging in streets, on sidewalks, and in many other public fora." *Id*. at 956–57 (quotation

Case 2:20-cv-00099-WKW-JTA    Document 128    Filed 04/08/25    Page 16 of 17
USCA11 Case: 23-11163    Document: 96-1    Date Filed: 04/08/2025    Page: 14 of 15

14                    Opinion of the Court                    23-11163

omitted).[13]    Indeed, Taylor conceded below that if begging is protected speech, Alabama "cannot broadly restrict panhandling in the manner its laws provide."  Thus, the begging statute's applications, which are solely to begging, are impermissible, and the pedestrian solicitation statute's applications, which are to begging and other constitutionally protected speech, are impermissible.  Taylor does not offer any other permissible applications of either statute.  Accordingly, we affirm the district court's grant of summary judgment and permanent injunctive relief to Singleton because the begging and pedestrian solicitation statutes' "full range of applications" is "constitutionally impermissible." *Moody*, 603 U.S. at 726.[14]

In opposition to this conclusion, Taylor argues that we decided *Smith* incorrectly.  As discussed, Taylor contends that our focus should be on the original public meaning of the First Amendment and that *Smith* improperly focused on an analogy to charitable solicitations.  We may not, however, overrule a prior

---

[13] By contrast, in *Smith*, we affirmed summary judgment for Fort Lauderdale because Rule 7.5(c) only applied to the beach.  177 F.3d at 956–57.  Thus, Rule 7.5(c) left "open ample alternative channels of communication," such as "begging in streets, on sidewalks, and in many other public fora throughout" Fort Lauderdale.  *Id.*

[14] Singleton argues that we should review the begging and pedestrian solicitation statutes using strict scrutiny because the statutes are not content-neutral.  Because we decide that the begging and pedestrian solicitation statutes fail under *Smith*, which treated Rule 7.5(c) as "content-neutral," we need not decide whether to use strict scrutiny in this case.  *Smith*, 177 F.3d at 956.

Case 2:20-cv-00099-WKW-JTA   Document 128   Filed 04/08/25   Page 17 of 17
USCA11 Case: 23-11163   Document: 96-1   Date Filed: 04/08/2025   Page: 15 of 15

23-11163            Opinion of the Court                15

panel even if we are "convinced the prior [panel] reached the wrong result." *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001). Instead, Taylor's arguments are better directed to this Court sitting *en banc*, a fact Taylor realized when he moved for initial hearing *en banc* of this appeal. *See Stanley*, 83 F.4th at 1338 (holding that a prior panel precedent is no longer binding if a "later en banc or Supreme Court decision[] . . . actually abrogate[s] or directly conflict[s] with . . . the holding of the prior panel" (quotation omitted)). Thus, we affirm.

## IV.  Conclusion

For the foregoing reasons, the district court properly held that the statutes at issue are facially unconstitutional.

**AFFIRMED.**