IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN SINGLETON, on behalf of himself and others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 2:20-CV-99-WKW [WO] |
| HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency, | ) | |
| Defendant. | ) | |

**ORDER**

The parties jointly petition this court to approve an award of appellate attorneys' fees and nontaxable costs for Plaintiff, the prevailing party, in the amount of $158,000 pursuant to 42 U.S.C. § 1988(b) and Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure. (Doc. # 134.) This amount reflects the parties' negotiated resolution of fees and nontaxable costs incurred in connection with Plaintiff's successful appeal to the Eleventh Circuit Court of Appeals and the successful opposition to Defendant's petition for a writ of certiorari in the United States Supreme Court.

Plaintiff initially filed two motions for attorneys' fees and nontaxable costs in the Eleventh Circuit, one seeking fees and nontaxable costs for the direct appeal and

a subsequent motion seeking fees and nontaxable costs incurred in connection with the Supreme Court proceedings. Those motions are supported by detailed billing records and attorney affidavits substantiating the requested hourly rates and time expended, which together total approximately $181,000. The Eleventh Circuit transferred both motions to this court for resolution. (*See* Doc. # 142.)

Thereafter, the parties negotiated an agreement to resolve Plaintiff's motions for attorneys' fees and nontaxable costs in the amount of $158,000 and jointly moved for preliminary approval of the proposed award. Plaintiff also proposed a process for providing class members with notice as required by Federal Rule of Civil Procedure 23(h). (Doc. # 134.) This court granted the joint motion and directed class counsel to notify the class members of the proposed award of attorneys' fees and costs, thereby affording them an opportunity to object. (Doc. # 135.) Plaintiff's counsel subsequently filed a Notice advising the court that, as of the objection deadline, no class member had objected to the parties' jointly proposed award of $158,000 in attorneys' fees and costs to Plaintiff. (Doc. # 138.)

Under Federal Rule of Civil Procedure 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, 42 U.S.C. § 1988(b) authorizes an award of reasonable attorneys' fees because Plaintiff is undisputedly a prevailing party in this action brought under 42 U.S.C. § 1983. Under

the circumstances presented, Federal Rule of Civil Procedure 54(d)(1) likewise authorizes an award of costs to Plaintiff as the prevailing party. Nevertheless, even where the parties agree to an award of attorneys' fees and no class member objects, the court must independently ensure that "the amount and mode of payment of attorney fees are fair and proper." Fed. R. Civ. P. 23(h) advisory committee's note to 2003 amendment. Additionally, the court must "scrutinize separately the application for an award covering nontaxable costs." *Id.*

To determine whether an attorneys' fee award is reasonable, the court applies the lodestar method, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Additionally, to determine "what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" the court may consider the factors articulated in *Johnson v. Georgia Highway Express*. *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019) (citation omitted) (explaining how the Eleventh Circuit has used the *Johnson* factors when calculating attorneys' fees under the lodestar method). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974),[1] *overruled in part on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Applying the lodestar framework and considering the relevant *Johnson* factors, the court finds that the hours expended and the hourly rates reflected in the submissions are reasonable in light of the work performed on appeal and in the Supreme Court proceedings and the results achieved. Independent scrutiny also reveals that the requested nontaxable costs are reasonable. Likewise, after reviewing the parties' joint petition, the negotiated fee-and-costs resolution, the detailed billing records, the nontaxable cost submissions, and the supporting attorney affidavits (Doc. # 142), and noting the absence of any class-member objections (Doc. # 138), the court finds that the requested fees-and-costs award of $158,000 is reasonable.

Accordingly, it is ORDERED as follows:

(1) The Order preliminarily awarding Plaintiff $158,000 in attorneys' fees and nontaxable costs (Doc. # 135) based upon the parties' negotiated settlement is

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

MADE FINAL, and Plaintiff is AWARDED $158,000 in attorneys' fees and nontaxable costs incurred in connection with Plaintiff's successful appeal to the Eleventh Circuit Court of Appeals and the successful opposition to Defendant's petition for a writ of certiorari in the United States Supreme Court;

(2) The State of Alabama shall pay the Southern Poverty Law Center $158,000 in attorney's fees and costs (*see* Doc. # 140); and

(3) As requested (*see* Doc. # 140), the State of Alabama shall have sixty days from the date of this Order to make the payment.

DONE this 4th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE